UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In the Matter of Arbitration Between:            )
                                                 )     08 Civ 3668
VULCAN ENERGY SOLUTIONS, LLC,                    )
                                                 )
                                                 )
                Petitioner,                      )     <u>RESPONSE TO PETITION</u>
                                                 )
            - and -                              )
                                                 )
MINISTRY OF ELECTRICITY OF THE REPUBLIC OF       )
IRAQ,                                            )
                                                 )
                Respondents.                     )
                                                 )
------------------------------------------------------------------ X

   The Ministry of Electricity of the Republic of Iraq (the "Ministry"), respectfully submits this Response to the Petition to Confirm Arbitration Award, dated March 26, 2008 (the "Petition"), filed by Vulcan Energy Solutions, L.L.C. ("Vulcan") in the Supreme Court of the State of New York, in and for New York County (Index No. 600897/08), which the Ministry removed to the United States District Court for the Southern District of New York on April 16, 2008.

   Vulcan, albeit it was the losing party in the arbitration, seeks to confirm the Final Award of the Sole Arbitrator dated March 28, 2007 (the "Final Award"), and the Disposition of Vulcan's Application for Completion and Clarification of the Final Award dated May 10, 2007 (the "Clarification Decision," and, together with the Final Award, the "Arbitration Award"), rendered in <u>Vulcan Energy Solutions LLC vs. Ministry of Electricity of the Republic of Iraq</u>, Case No. 50 198 T 00441 05, an arbitration conducted under the Rules of the International Centre for Dispute Resolution of the American Arbitration Association.  This Petition thus presents the unusual situation of the losing party, rather than the prevailing party, seeking

confirmation, apparently in pursuit of some other agenda that the losing party may have. Since the Petition, perhaps for the same reason, downplays the arbitrator's rejection of Vulcan's claims, it is important that the judgment this Court enters accurately reflect this rejection.

**THE MINISTRY DOES NOT OPPOSE CONFIRMING THE ARBITRATION AWARD, BUT THE JUDGMENT ENTERED THEREON MUST ACCURATELY REFLECT THE ARBITRATOR'S REJECTION OF ALL OF VULCAN'S CLAIMS**

The Ministry was the prevailing party in the arbitration and as such it does not oppose Vulcan's Petition to confirm the Arbitration Award. However, because the Petition in a number of aspects mischaracterizes the Arbitration Award, the Ministry notes the following:

a. The characterization in Vulcan's Memorandum In Support Of Petition To Confirm Arbitration Award ("Vulcan Memo") that the Ministry somehow "reneged" under the contract for the rehabilitation of certain power plant generators in Iraq (the "Contract"), Vulcan Memo at 1, is entirely inaccurate. To the contrary, the arbitrator found in the award that the Ministry did not breach the Contract, and therefore did <u>not</u> "renege" on any of its obligations to Vulcan. <u>See</u> Affirmation of T. Michael Guiffré, ("Guiffré Aff."), Exh. B ¶ 39.

b. One of the Ministry's defenses to the breach of contract claims asserted by Vulcan was that the Contract was null and void because Vulcan obtained the Contract by offering to bribe the former Minister of Electricity. While, as Vulcan correctly notes, the arbitrator "concluded" that the contract "cannot be set aside on the ground that it was procured by bribery," <u>see, ex.</u> Petition ¶ 15(A), the arbitrator also found that: (i) the testimonial evidence offered by the former employee – stating that that Vulcan obtained the Contract through bribery – was "credible;" (ii) there was additional "corrobative" evidence to support the former employee's testimony of bribery; and (iii) the circumstances surrounding Vulcan's procurement

2

and attempted enforcement of the Contract were "disquieting" and "[non-]reassuring." Guiffré Aff. Exh. B ¶ 30.

        c.    Contrary to Vulcan's suggestion in its papers, the arbitrator's rejection of Vulcan's breach of contract claims was not limited to the validity of the Ministry's "treatment of payment of the mobilization fee." See Petition ¶ 15(C). Rather, the Final Award, which Vulcan quotes only selectively, clearly states: "The <u>claims</u> of Vulcan Energy Solutions for a finding that the Ministry of Electricity <u>has breached its contract</u> with Vulcan Energy Solutions, and for an award of damages, attorneys' fees and interest, <u>are denied</u>." Guiffré Aff. Exh. B ¶ 39 (emphasis added).

        d.    The arbitrator made this point perfectly clear in the Clarification Decision, in which he held that: (i) the meaning of the Final Award is unambiguous and did not require interpretation; and (ii) the alleged "breaches" of the Contract which Vulcan claimed the arbitrator had not ruled upon were "not independent breaches of contract that required separate consideration and disposition in the [Final] Award," but rather were "incidental to and subsumed by the treatment by counsel of the issue of the mobilization fee and equally [were] incidental to and subsumed by the [Final] Award's analysis and holding on this dispositive issue." Guiffré Aff. Exh. C ¶¶ 7, 9. Accordingly, the arbitrator rejected <u>all</u> of Vulcan's claims that the Ministry had breached the Contract, regardless of the specific theory or allegation.

* * *

3

Since the Petition appears deliberately to downplay the actual scope of the Arbitration Award, it is important that the judgment confirming it accurately reflect that scope. Accordingly, the Ministry requests that the Court enter the attached Proposed Order, which makes clear that the Arbitration Award rejected all of Vulcan's breach of contract claims and concluded that Vulcan is entitled to receive no damages under the Contract.

Dated: New York, New York
April 17, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Jonathan I. Blackman (JB 3846)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for The Ministry of Electricity of the Republic of Iraq

Of Counsel:
   Andrew Weaver
   Lisa M. Coyle

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
In the Matter of Arbitration Between:                )
                                                     )
VULCAN ENERGY SOLUTIONS, LLC,                        )
                                                     )
                                                     )     08 Civ 3668
                                                     )
                            Petitioner,              )
                                                     )     [PROPOSED] ORDER
                   - and -                           )     GRANTING PETITION TO
                                                     )     CONFIRM ARBITRAL
MINISTRY OF ELECTRICITY OF THE REPUBLIC OF           )     AWARD AND DIRECTING
IRAQ,                                                )     ENTRY OF JUDGMENT
                                                     )
                            Respondents.             )
                                                     )
------------------------------------------------------------------- X

   WHEREAS, on October 28, 2005, Vulcan Energy Solutions, LLC ("Vulcan") initiated an arbitration proceeding against the Ministry of Electricity of the Republic of Iraq (the "Ministry"), Case No. 50 198 T 00441 05 (the "Arbitration"), before and pursuant to the Rules of the International Centre for Dispute Resolution of the American Arbitration Association; and

   WHEREAS, in the Arbitration, Vulcan asserted claims for breach of contract and alleged that the Ministry had breached a contract entered into between the Ministry and Vulcan on February 22, 2005 for the rehabilitation of certain power plant generators in Iraq (the "Contract"); and

   WHEREAS, in the Arbitration, Vulcan further alleged that as a result of the foregoing breach, Vulcan suffered over $22,000,000 in damages consisting of, *inter alia*: (i) amounts expended by Vulcan towards mobilization and performance of the Contract;
(ii) profits that Vulcan would have realized on the Contract; (iii) costs and expenses; and (iv) interest; and

WHEREAS, over the course of the Arbitration, the parties: (i) exchanged documents; (ii) submitted witness statements, pre-trial briefs and post-trial briefs; and (iii) participated in a four-day hearing on the merits at which witnesses testified and were cross-examined; and

WHEREAS, on March 28, 2007, after consideration of all of the evidence presented, Hon. Stephen M. Schwebel (the "Arbitrator") issued the Final Award of the Sole Arbitrator (the "Final Award") in which he held that "Vulcan ha[d] not established that the Ministry was in breach of the contract," and accordingly denied Vulcan's claims "for an award of damages, attorney's fees and interest;" and

WHEREAS, on April 23, 2007, Vulcan submitted a Request for Completion and Clarification of Award (the "Clarification Request") it which it contended that: (i) the Final Award did not contain the Arbitrator's ruling on several of Vulcan's claims; and (ii) the meaning of the rulings that were contained in the Final Award were unclear; and

WHEREAS, on May 10, 2007, the Arbitrator issued the Disposition of Application for Completion and Clarification of the Final Award (the "Clarification Decision") in which he denied the Clarification Request and concluded that: (i) the meaning of the Final Award is unambiguous and did not require interpretation; and (ii) the alleged "breaches" of the Contract which Vulcan claimed the Arbitrator had not ruled upon were "not independent breaches of contract that required separate consideration and disposition in the [Final] Award," but rather were "incidental to and subsumed by the treatment by counsel of the issue of the mobilization fee and equally [were] incidental to and subsumed by the [Final] Award's analysis and holding on this dispositive issue;" and

WHEREAS, on March 26, 2008, Vulcan filed a Petition to Confirm Arbitration Award (the "Petition") in the Supreme Court of the State of New York, County of New York, requesting confirmation of the Final Award and the Clarification Decision (together, the "Arbitration Award"); and

WHEREAS, the Ministry removed the proceeding to this Court and filed a response to the Petition on April 16, 2008; and

WHEREAS, the Ministry does not oppose the confirmation of the Arbitration Award and entry of judgment.

Upon due deliberation and consideration of Vulcan's Petition to Confirm Arbitration Award and the Ministry's Response to the Petition to Confirm Arbitration Award, and for good cause shown, it is hereby:

ORDERED AND ADJUDGED, that pursuant to 9 U.S.C. § 9, the Arbitration Award denying all claims for damages by Vulcan Energy Solutions, LLC against the Ministry of Electricity of the Republic of Iraq for breach of the contract between such parties concluded on February 22, 2005, is hereby confirmed against Vulcan Energy Solutions, LLC; and it is further

ORDERED AND ADJUDGED, that the Clerk of the Court is directed to enter judgment dismissing Vulcan Energy Solutions, LLC's claims for breach of the February 22, 2005 Contract.

Dated: New York, New York
_____, 2008

_____
United States District Judge